IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:2007-13 |
| | ) | |
| ERIC HOLMES, | ) | JUDGE GIBSON |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 with Citation of Authority (Document No. 36). The Government has filed a response. *See* Document No. 43. As indicated by the Government, it will not seek to admit evidence pursuant to Federal Rule of Evidence 404(b). Therefore, the Court turns to the lone issue involving Federal Rule of Evidence 609.

Federal Rule of Evidence 609 reads in pertinent part:

**(a) General rule.**--For the purpose of attacking the character for truthfulness of a witness,

**(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

The Government has offered that it will seek to introduce two prior felony convictions of the Defendant dating back to 2006: "1)Possession of a Weapon in Furtherance of a Drug Trafficking Crime; and 2) Possession with Intent to Distribute a Controlled Substance." Government's Response, p. 1.

The Government offers the four factors in footnote four in the case of *Government of Virgin Islands v. Bedford* in formulating its response: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant." *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir. 1982). Judge Weinstein offers five additional non-exhaustive factors that are also considered by courts under Rule 609(a)(1): "The impeachment value of the prior crime. The date of the conviction and the defendant's subsequent history. The degree of similarity between the past crime and the charged crime. The importance of the defendant's testimony. The centrality of the credibility issue." 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.05[3][a] (Joseph M McLaughlin, ed., Matthew Bender 2d 2008)(citing, *inter alia, United States v. Paige,* 464 F.Supp. 99, 100 (E.D.Pa. Dec. 14, 1978)).

Turning toward these various factors and recognizing the redundancy between them, the Court comes to the following conclusions. First, the prior crime concerns weapon possession in conjunction with a drug trafficking crime and possession with intent to deliver a controlled substance. These crimes are not closely related to the crime of possession of contraband in a federal correctional institution (18 U.S.C. § 1791). The Court recognizes that these crimes have some impeachment value in light of the ruling in *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977) and similar rulings cited by the Government because they relate to the business of illegal distribution of controlled substances in which honesty is not a prevailing value.

Second, under the factor of time and age of these convictions, these two convictions are only two years old which increases their probative value and favors admission into evidence.

2

Third, there exists no real similarity between the present charge and the prior convictions and therefore with little to no resulting prejudice this factor also favors admission.

Finally, the importance of the Defendant's testimony and his credibility as seen by the jury are critical to this charge. The evidence of record reveals that the utility blade in the Defendant's possession is claimed by the institution's authorities to have not been issued by them to the Defendant; the Defendant, if he testifies, is expected to testify to the contrary in some respect because of his previous indication through custodial interviews that he was using it to perform the task of cutting gaskets and that the blade was used by other inmates as well. As the Defendant's testimony may be the most crucial testimony at trial (should he choose to testify) and possibly the only testimony on behalf of his defense, this factor weighs against admission of the prior convictions. *See Weinstein, supra.* However, evidence of the prior crimes that bear upon his veracity will be critical to a jury determination of credibility because of the contradiction between the Defendant's claims and the witnesses already offered during the suppression hearing. Thus, the factor of credibility favors admission of evidence of these prior convictions.

Overall, the Court finds that the factors favor admission of the Defendant's convictions for 1)Possession of a Weapon in Furtherance of a Drug Trafficking Crime; and 2) Possession with Intent to Distribute a Controlled Substance because the probativeness of the convictions overcomes the prejudice accompanying admission of these convictions. Thus, the Government may call into question the Defendant's "truthfulness" under Rule 609 at trial using these convictions.

3

AND NOW, this 23rd day of December, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's prior convictions for possession of a weapon in furtherance of a drug trafficking crime and possession with intent to distribute a controlled substance are admissible at trial under Federal Rule of Evidence 609.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE