IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:2007-13 |
| | ) | |
| ERIC HOLMES, | ) | JUDGE GIBSON |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant Eric Holmes' Motion in Limine (Document No. 78). The Government has responded indicating that many of the issues raised by the Defendant will not be of consequence at trial. *See* Government's Response (Document No. 97). Jury selection and trial in this matter is scheduled for Monday, February 2, 2009. The Defendant is charged with one violation: possession of contraband in prison. The motion will be granted.

First, the Defendant seeks to exclude "[e]vidence regarding the charges upon which Mr. Holmes is incarcerated for the purpose of establishing that Mr. Holmes was an inmate of a federal institution." Defendant's Motion, p. 1. The Government indicates in its Response that a stipulation as to the Defendant's status as a federal inmate at F.C.I. Loretto will suffice to meet the necessary element of his prior conviction and incarceration at the time of the offense. Government's Response, p.1. However, the Government indicates that it may seek introduction of evidence (outside of its case-in-chief) regarding the Defendant's prior convictions under Federal Rule of Evidence 609 as permitted by the Court. *Id.* In light of the agreement to stipulate, the Court will grant the Defendant's motion subject to use of the convictions by the Government as permitted under Rule 609.

Second, the Defendant seeks the Court's reconsideration of its ruling under Rule 609 regarding the Defendant's prior conviction for "possession of a firearm in furtherance of drug trafficking". Defendant's Motion, p. 1. The Government, being satisfied with the ruling, concludes that the Court's previous disposition of the matter is correct. Government's Response, p. 2.

In the prior ruling, the Court concluded that the Defendant's prior convictions for possession of a weapon in furtherance of a drug trafficking crime and possession with intent to distribute a controlled substance were admissible to impeach the Defendant under Rule 609. Memorandum Opinion and Order of Court (Document No. 68). Here the Defendant only seeks reconsideration of the admission of the possession of a weapon in furtherance of a drug trafficking crime. The Court in reconsidering this ruling will grant the Defendant's motion and exclude introduction of this conviction under Rule 609.

The Defendant presents a perspective on this issue that is worth noting. The additional conviction for possession with intent to distribute a controlled substance will serve the same purpose of impeachment that the Government seeks in using both convictions. Additionally, the weapons conviction, while under different circumstances, does present the possibility of prejudice because of similarity between the fact that the current charge and the prior conviction relate to possession of a weapon, which when introduced into evidence could cause the jury to conclude that with a prior conviction for possession of a weapon when trafficking in controlled substances that the Defendant also possessed contraband in the instant matter. Therefore, the Court finds that its previous conclusion regarding the similarity between the conviction of possession of a weapon and the current contraband charge is erroneous, and they are indeed sufficiently similar to weigh against admission under this first

2

factor of *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir. 1982). Secondly, the time of occurrence and age of convictions however still weighs in favor of admission as the conviction is approximately three years old. Thirdly, there is similarity between the present charge and the prior conviction for possession of a weapon in the sense that they concern possession of weapons although the charges arise from two distinct and different situations. Nevertheless, the previous possession of a weapon could still present prejudice to the Defendant should he choose to testify. Fourth, the Defendant's testimony will be critical to his defense and the measure of his credibility will be key to the jury's verdict should he testify. The Defendant's presence on the stand weighs against admission of the previous weapons conviction and his credibility is also measured by the fact of his previous dealings with controlled substances, the deceptive and mistrusting world of individuals who deal in controlled substances and their need when carrying large amounts of controlled substances and illegal income to protect themselves and these items. Therefore, the use of the weapon in drug trafficking drives home the deceitful world of drug trafficking inhabited by the Defendant and others. However, unlike the conviction of possession with intent to distribute, the conviction for possession of a weapon while trafficking in drugs carries with it a prejudicial effect upon the Defendant because of possession of a weapon being the instant offense. Thus, the Defendant's conviction for possession of a weapon in furtherance of a drug trafficking crime will not be admissible at trial under Rule 609.

One caveat must be noted with respect to this overruling of the Court's previous ruling. Although the conviction for possession of a weapon in furtherance of a drug trafficking crime is not admissible under Rule 609, it may be admissible to impeach the Defendant through contradiction should the Defendant testify, e.g., testimony indicating that the Defendant dislikes weapons, never possessed

3

weapons or similar testimony.

Third, the Defendant seeks exclusion of any evidence regarding the anonymous note given to Counselor Eckenrode that allegedly tipped off the SIS officers to the Defendant's possession of a weapon. The Government, in conformity to the Defendant's citation to *United States v. Lopez*, 340 F.3d 169 (3d Cir. 2003) has agreed to reference the SIS officers' motivation for seeking out the Defendant as being based "upon information received." The Defendant's motion is therefore granted based upon stipulation of the Government.

Fourth and finally, the Defendant seeks exclusion from trial of prior statements taken from other prisoners regarding the allegation against the Defendant as they would be hearsay and their introduction would violate the Defendant's Sixth Amendment right to confront witnesses. Defendant's Motion, pp. 4-5. The Government stipulates in its response to using the statements of other prisoners only if those prisoners are called as witnesses as trial. Government's Response, pp. 2-3. Therefore, the Defendant's motion is granted because of the stipulation of the Government to the relief requested.

AND NOW, this 29th day of January, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion in Limine (Document No. 84) is GRANTED.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

4